UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOLUTION ASIM BEY,
*on behalf of Phillip E. Cochran*,

        Plaintiff,

  v.

DENNIS J. STINGL, JUDGE T. CHRISTOPHER DEE,
JENNIFER L. PICKETT, JUDGE MICHELLE HAVAS,
JOHN T. CHISHOLM, ZACHARY A. WITTCHOW,
CEDRIC CORNWALL, J.C. MOORE,
JUDGE LINDSEY GRADY, and NICOLE J. SHELDON,

        Defendants.

Case No. 19-cv-1636-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 7), DENYING PLAINTIFF'S "EMERGENCY STAY OF STATE COURT PROCEEDINGS" (DKT. NO. 9) AND DISMISSING CASE**

---

      The plaintiff, Solution Asim Bey, as the "authorized representative, natural person and beneficiary" of Phillip E. Cochran—he *is* Phillip E. Cochran—has filed a lawsuit alleging violations of his rights in connection with his November 30, 2018 arrest. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The defendants have filed a motion to dismiss. Dkt. No. 7. The plaintiff responded with a one-page emergency motion to stay the state court proceedings. Dkt. No. 9.

      The court will grant the plaintiff's motion to proceed without prepaying the filing fee and will dismiss the case.

1

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff has the ability to pay the fee; if he does not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i)-(iii).

The plaintiff's request states that he is unemployed, unmarried, has no dependents, income, expenses, vehicle, bank accounts, real estate, stocks, trusts, retirement accounts, artwork or jewelry. Dkt. No. 3 at 1-4. The court concludes that at the time he filed the complaint, the plaintiff did not have the ability to pay the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] §1915(a) does for any litigant is excuse the *pre*-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). The plaintiff must pay the $400 filing fee as he is able.

## II. Defendants' Motion to Dismiss (Dkt. No. 7)

The plaintiff cites 18 U.S.C. §§242, 876, 1001 and 3231 in the caption of his complaint. Dkt. No. 1 at 1. These are criminal statutes. The plaintiff cannot sue someone under a federal criminal statute—"a private citizen cannot 'pursue claims under federal criminal statutes.'" Campbell v. Campbell, No. 19-cv-1369-pp, 2020 WL 5665261, *4 (E.D. Wis. Sept. 23, 2020). The plaintiff also

2

Case 2:19-cv-01636-PP   Filed 09/25/20   Page 2 of 19   Document 10

cites 42 U.S.C. §1987, but that statute authorizes only United States Attorneys, Marshals and U.S. Magistrate Judges to prosecute people who commit violations of certain statutes.

The plaintiff cites the "Treaty of Peace and Friendship between United States and Morocco (1786/1836)." Id. at 7. Perhaps he is referring to the Moroccan-American Treaty of Friendship. https://avalon.law.yale.edu/18th_century/bar1786t.asp. Treaties—"'compact[s] between independent nations'"—"'are not domestic law unless Congress has either enacted implementing statutes or the treaty itself conveys an intention that it be "self-executing" and is ratified on these terms.'" Medellin v. Texas, 552 U.S. 491, 505 (2008) (Iguarta-De La Rosa v. United States, 417 F.3d 145, 150 (C.A. 1 2005)).

The plaintiff cites the Moorish American Zodiac Constitution. The court is not aware of any private rights of action provided by this document. He also cites the United Nations Declaration on the Rights of Indigenous Peoples. https://www.un.org/development/desa/indigenouspeoples/wp-content/uploads/sites/19/2018/11/UNDRIP_E_web.pdf). Federal courts have held that there is no private right of action under such declarations. See Van Hope-el v. United States Dep't of State, No. 1:18-cv-0441-JLT, 2019 WL 295774, at *3 n.2 (E.D. Cal. Jan. 23, 2019) (collecting cases).

Finally, the plaintiff claims that the defendants violated his rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution. There *is* a private right of action for violations of a person's constitutional

rights. A United States citizen "or other person within the jurisdiction thereof" may sue a state actor who violates any of the person's "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983. The court construes the plaintiff's claims as stating causes of action under §1983.

A.  Lack of Personal Jurisdiction/Insufficient Service of Process

The first ground the defendants state for dismissal is that the plaintiff has not served them with a summons and a copy of the complaint as required by Federal Rule of Civil Procedure 4, and therefore the court does not have personal jurisdiction over them. Dkt. No. 8 at 3.

When a plaintiff asks to proceed without prepaying the filing fee, 28 U.S.C. §1915(e)(2) requires the court to dismiss the case if the court determines that it is "frivolous or malicious," that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant who is immune from such relief. This means that the court must "screen," or review, the allegations in any complaint filed by a plaintiff who seeks to proceed without prepaying the filing fee. If the court concludes that the complaint is not frivolous and that it states a claim, the court orders the complaint to be served on the defendants. If the court concludes that the complaint is frivolous or does not state a claim, it must dismiss.

The plaintiff filed the complaint and his request to proceed without prepaying the filing fee on November 7, 2019. Due to the court's workload, it did not screen the complaint as quickly as it might have liked. Less than a month later, on December 4, 2019, the defendants filed a motion to dismiss the

4

complaint, even though the court had not yet ordered it served on them. Dkt. No. 7. As noted, they have asked for dismissal in part because the plaintiff has not served them.

Fed. R. Civ. P. 3 says that a civil action is "commenced" when the plaintiff files the complaint with the court, and Rule 4(m) requires a plaintiff to serve a defendant within ninety days of the date the complaint is filed. But in cases where a plaintiff seeks to proceed without prepaying the filing fee (*in forma pauperis*), the *court* must authorize the commencement of the case, by deciding whether to grant that request. 28 U.S.C. §1915(a)(1). "Only the judge's order permitting the plaintiff to proceed *in forma pauperis*, and accepting the papers for filing, would commence the action." Williams-Guice v. Bd. of Educ. of City of Chi., 45 F.3d 161, 162 (7th Cir. 1995). "Until the court screens the complaint and grants the motion to proceed without prepaying the filing fee, it cannot issue and serve process." Nash v. Dungarvin Wis., LLC, No. 19-cv-1004-pp, 2020 WL 5370729, at *1 (E.D. Wis. Sept. 8, 2020). The plaintiff did not neglect to serve the defendants, and the defendants' motion to dismiss for failure to serve is premature.

B. Abstention

The second ground the defendants state for dismissal is that the plaintiff's complaint challenges his arrest and prosecution in two pending state cases.

The plaintiff titled his complaint "Deprivation of Rights Under Color of Law." Dkt. No. 1 at 1. Under that title, the complaint reads, "In Re: CHARGE(S)

5

# 2018CF0057826/2019CF003247." Id. The plaintiff has sued three Milwaukee County Circuit Court judges—Judge Christopher Dee, Judge Michelle Havas and Judge Lindsey Grady. Dkt. No. 1 at 1-2. He has sued two Milwaukee County Court Commissioners—Commissioner Cedric Cornwall and Commissioner J.C. Moore. Id. at 2. He has sued the Milwaukee County District Attorney, John Chisolm and four assistant district attorneys—Dennis Stingl, Jennifer Pickett, Zachary Wittchow and Nicole Sheldon. Id. at 1-2.

The plaintiff alleges that on November 30, 2018 at around 9:30 p.m., several Milwaukee Police Department officers detained him near 2847 North 45th Street. Id. at ¶1. He asserts that the officers "violently and physically" detained him by grabbing his arms and neck, cuffed him and forced him into the back of a vehicle without reading him his rights. Id. at ¶2. The plaintiff asserts that under threat, duress and coercion, he identified himself "as a Moorish American National, non US citizen, non-domestic, protected by the treaty of peace and friendship of 1786/1836;" he says that he told the officers that they were violating his rights and that he was being injured by their assaults. Id. at ¶3. The plaintiff alleges that the officers kidnapped him by force and forced him into a cell, then took him to an interview room; he says that he was given no "opportunity to speak to any magistrate, judge, or administrator." Id. at ¶4. The plaintiff asserts that when he demanded to be released, he was ignored. Id.

The plaintiff contends that that during this "unlawful search and seizure," the officers "didn't produce any injured party, injured property, court

order, arrest warrant or search warrant." Id. at ¶5. He says that he was physically forced and threatened with "additional violence" to submit his DNA and his eye scan; he says he refused to consent to give his DNA because that is his "private property." Id. at ¶6. He avers that the officers conspired to deny him his rights and violate his due process by prosecuting him "under the artificial person PHILLIP E. COCHRAN." Id. at ¶7. The plaintiff says that the officers violated his rights by holding him "for surety for the artificial person PHILLIP E. COCHRAN" and extorting an excessive cash bail of $5,000 for his release. Id. at ¶8. He says he made a "special appearance" before the Milwaukee County Circuit Court for a preliminary hearing on December 6. Id. at ¶9.

The complaint alleges that the Milwaukee County Circuit Court has continued to maliciously prosecute and kidnap him by forcing him into contracts with agencies such as JusticePoint, which he says infringes on his natural birthrights and right of travel and discriminates against him based on national original and his rights as a Moorish American National. Id. at ¶11.

The complaint lists a number of injuries inflicted on the plaintiff by the police officers, the Milwaukee County Circuit Court, the Sheriff's office, the District Attorney's office and the jail, including cruel and unusual punishment, deprivation of human rights, inability to contract, towing fees, lost wages, mental anguish, defamation of character, pain and suffering, invasion of privacy, sentimental damages, medical expenses and loss of enjoyment of life. Id. at ¶12.

7

As relief, the plaintiff demands (1) that his state criminal cases "be dismissed and expunged . . . or otherwise be brought before a legitimately delegated and competent court of law of international jurisdiction," id. at ¶27; (2) "[t]o have the case litigated with consuls present as stated in the treaty of 1787," id. at ¶28, and (3) damages, id. at ¶¶29-38. He seeks $75,000 in compensatory damages and $75,000 in punitive damages from each defendant. Id. The complaint sues Stingl and Pickett in their official capacities, and Dee, Havas, Chisholm, Wittchow, Cornwall, Moore, Grady and Sheldon in their private capacities. Id.

The defendants assert that there are two cases pending against the plaintiff in Milwaukee County Circuit Court—State v. Phillip E. Cochran, 2018CF5726 and State v. Phillip E. Cochran, Case No. 2019CF3247. Dkt. No. 8 at 1. The Wisconsin Circuit Court Access Program shows that on December 5, 2018, a complaint was filed against Phillip E. Cochran in Case No. 2018CF5726; Commissioner Cedric Cornwall set cash bail of $5,000 on December 6, 2018 and turned Cochran over to JusticePoint for supervision. State v. Cochran, Case No. 2018CF5726 (Milwaukee County), available at https://wicourts.gov. Commissioner J.C. Moore and Judges Christopher Dee, Lindsey Grady and Michelle Havas all have presided over the case at some point, and ADAs Stingl, Wittchow and Sheldon have appeared for the state. Id. The docket shows that Cochran is scheduled for a bail/bond hearing on October 2, 2020 at 9:15 a.m. Id. CCAP also shows that on July 26, 2019, a complaint was filed in Milwaukee County Circuit Court against Phillip

8

Cochran; Judges Havas and Grady both have presided over stages of that case. State v. Cochran, Case No. 2019CF3247 (Milwaukee County Circuit Court), available at https://wicourts.gov. There is a bail/bond hearing scheduled in that case for October 2, as well. Id.

The relief the plaintiff requests includes having these criminal cases dismissed, expunged or litigated with consuls present. He effectively asks the court to enjoin the state courts from proceeding with the criminal cases. But, as the defendants point out, the Supreme Court has held that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). "Situations in which Younger abstention is appropriate include those in which there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." Ewell v. Toney, 853 F.3d 911, 916 (7th Cir. 2017) (citing Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007)). Federal courts must abstain from interfering in state legal proceedings "where federal jurisdiction would intrude into ongoing state criminal proceedings." Mulholland v. Marion Cty. Elec. Bd., 746 F.3d 811, 815 (7th Cir. 2014). Federal courts must dismiss requests to enjoin state criminal proceedings, "rather than intervene in state affairs." Id.

This court cannot order the state court to dismiss the criminal cases, and it must abstain by dismissing this federal lawsuit.

9

### C. Eleventh Amendment Immunity

Even if the court was not required to abstain due to the ongoing state criminal proceedings, it would be required to dismiss the case.

The defendants argue that all of them are either state officials or employees or (in the case of the court commissioners) agents of a state entity and are being sued in their official capacities,[1] and therefore that the Eleventh Amendment bars suit against them unless the state consents. Dkt. No. 8 at 4-5. The Eleventh Amendment precludes claims in federal court against nonconsenting state governments by citizens of another state or citizens of a foreign country. Carmody v. Bd. of Trs. of Univ. of Ill., 893 F.3d 397, 403 (7th Cir. 2018) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). States are immune from such suits in federal court "unless the State consents to the suit or Congress has abrogated their immunity." Tucker v. Williams, 682 F.3d 654, 658 (7th Cir. 2012) (citing Seminole Tribe v. Florida, 517 U.S. 44 (1996)). The United States Supreme Court has held that the Eleventh Amendment also bars suits against nonconsenting states by its own citizens. See, *e.g.*, Edelman, 415 U.S. at 663; Missouri v. Fiske, 290 U.S. 18, 28 (1933); Hans v. Louisiana, 134 U.S. 1, 15 (1890).

The plaintiff has not sued the state of Wisconsin or any state agency. He has, however, sued two assistant district attorneys—Stingl and Pickett—in their official capacities. "The Eleventh Amendment extends to state agencies

---

[1] Contrary to the defendants' assertions, the complaint indicates that the plaintiff sues only Assistant District Attorneys Stingl and Pickett in their official capacities. Dkt. No. 1 at 10.

10

and departments and, subject to the *Ex Parte Young* doctrine, to state employees acting in their official capacities." Nelson v. LaCrosse Cty. Dist. Atty. (State of Wisconsin), 301 F.3d 820, 827 n.7 (7th Cir. 2002) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 123-24 (1984)). The plaintiff does not make any specific allegations against Stingl or Pickett in the complaint—other than arguing that he should not be prosecuted, he does not say what Stingl or Pickett have done to violate his rights. But if his complaints relate to Stingl and Pickett doing their jobs, those claims, to the extent that they seek damages and not prospective relief, are barred by the Eleventh Amendment.

D. Judicial Immunity

The judicial defendants—Dee, Grady and Havas—argue that they are protected from suit by judicial immunity. Dkt. No. 8 at 6. The court commissioners, Cornwall and Moore, assert that they are protected by quasi-judicial immunity. Id. at 6-7.

Judges have absolute immunity from suits for monetary damages based on judicial acts. Stump v. Sparkman, 435 U.S. 349 (1978); see also Myrick v. Greenwood, 856 F.3d 487 (7th Cir. 2017). Judges are absolutely immune from damages awards for judicial acts "whether or not the judges erred in conducting the litigation." Myrick, 856 F.3d at 488. Quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability for quasi-judicial acts. Crenshaw v. Baynerd, 180 F.3d 866, 868 (7th Cir. 1999).

11

The plaintiff has not made any allegations against Dee, Havas, Grady, Cornwall or Moore individually. Instead, the plaintiff states that "agents of [the] MILWAUKEE COUNTY CIRCUIT COURT" conspired to deny his rights by maliciously prosecuting him; he alleges that (1) "agents of [the] MILWAUKEE COUNTY CIRCUIT COURT . . . committed conspiracy to deprive [him of his] rights under color of law, color of authority, by holding [him] surety for the artificial person Phillip E. Cochran, and extorted an excessive cash bail assessment for $5,000 [] in exchange for [his] release from [jail]," dkt. no. 1 at 4-5; (2) he "filed a special appearance to the agents of MILWAUKEE COUNTY CIRCUIT COURT, to the preliminary administrative hearing," id. at 5; (3) the "MILWAUKEE COUNTY CIRCUIT COURT stands in commercial dishonor by failing to produce In Personam Jurisdiction, over a non-domestic, Indigenous, Moorish American National," id.; (4) agents of the MILWAUKEE COUNTY CIRCUIT COURT "force[d] [him] into contracts" with agencies that provide pre-trial services in violation of "[his] natural birthrights, right of travel, and discriminates against national origin and [his] Unalienable rights as a Moorish American National, id. at 5-6; (5) "the [Milwaukee County Circuit Court] is denying [his confrontation clause] right," id. at 7; and (6) the Milwaukee County Circuit Court is denying his right "[t]o have the case litigated with consuls present as stated in the treaty of 1787," id. at 10.

In his "Notice to Judges and Officials," the plaintiff concludes that these defendants are "hindering Due Process of Law" because (1) the United States Constitution requires that debts be paid in gold or silver coin, (2) judges are

bound to uphold the Constitution, and (3) he "affirm[s] . . . that [he does] not have . . . any gold or silver coins." Dkt. No. 2 at 1-2.

Assessing bail is a judicial act; judicial immunity bars a claim for damages based on a judge's decision to assess cash bail. Smith v. City of Hammond, Ind., 388 F.3d 304, 306 (7th Cir. 2004). The court cannot discern in the remainder of the plaintiff's allegations any actions of these defendants that are not judicial acts. Decisions to exercise personal jurisdiction, conduct preliminary hearings and administer pre-trial services involve the exercise of discretion or judgment and are normally performed by a judge, and the plaintiff in these proceedings "dealt with the judge[s] as judge[s]." Davis v. Newman, 419 F.3d 656, 661 (7th Cir. 2005). If the plaintiff meant to state claims that defendants Dee, Havas, Grady, Cornwall, and Moore violated his constitutional rights based on these facts, judicial immunity would bar those claims.

### E. Prosecutorial Immunity

Defendants Chisholm, Stingl, Pickett, Wittchow and Sheldon assert that they are protected by prosecutorial immunity. Dkt. No. 8 at 8. "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." Archer v. Chisholm, 870 F.3d 603, 612 (7th Cir. 2017) (citing Imbler v. Pachtman, 424 U.S. 409, 427 (1976)). This immunity extends to "activities [] intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430.

13

Again, the plaintiff does not allege that any particular defendant took any particular action beyond "deprivation of rights of claimant." Dkt. No. 1 at 10-12. The plaintiff's claims against these defendants appear to hinge on his belief that "agents of the MILWAUKEE COUNTY CIRCUIT COURT [] conspire[ed] to deny [his] rights . . . by maliciously prosecuting [him]." Id. at 3-5.

To the extent the plaintiff sues these defendants for their decisions to charge and prosecute him, prosecutorial immunity bars those claims. Decisions to charge and prosecute crimes are prosecutorial decisions intimately associated with the judicial phase of the criminal process. Burns v. Reed, 500 U.S. 478, 486 (1991); Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009). As the court explained above, the Eleventh Amendment bars the plaintiff's claims for damages against defendants Stingl and Pickett in their official capacity. If the plaintiff meant to also state claims against those defendants in their *private* capacity, prosecutorial immunity would bar those claims.

F.     Qualified Immunity

The defendants also assert that they would be entitled to qualified immunity even if they did not have the protection of the more specific forms of judicial and prosecutorial immunity. Dkt. No. 8 at 8. "Qualified immunity shields a government official from suit when the official is performing a discretionary function and his conduct does not violate clearly established rights of which a reasonable person would have known." Sutterfield v. City of Milwaukee, 751 F.3d 542, 572 (7th Cir. 2014). "To be 'clearly established,' a

14

constitutional right 'must have a sufficiently clear foundation in then-existing precedent.'" Campbell v. Kallas, 936 F.3d 536, 545 (7th Cir. 2019) (quoting District of Columbia v. Wesby, ___ U.S. ___, 138 S. Ct. 577, 589 (2018)). "Qualified immunity applies unless the specific contours of the right 'were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" Id. (quoting Plumhoff v. Rickard, 572 U.S. 765, 778-79 (2014)). Clearly established law "cannot be framed at a 'high level of generality.'" Id. (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)).

"[D]ismissal . . . is appropriate based on qualified immunity only when the plaintiff['s] well-pleaded allegations, taken as true, do not 'state a claim of violation of clearly established law.'" Hanson v. LeVan, No. 19-1840, 2020 WL 4188044, *3 (7th Cir. July 21, 2020) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Behrens v. Pelletier, 516 U.S. 299, 306 (1996)). A court may dismiss a complaint based on qualified immunity "where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred." Hanson, 2020 WL 4188044 at *3 (quoting Jacobs v. City of Chi., 215 F.3d 758, 765 n.3 (7th Cir. 2000)).

Because the plaintiff has not made specific allegations against any of the defendants, the court cannot determine whether the actions he believes they took would have violated clearly established law. Given the court's conclusion that it must abstain, and that the defendants are entitled to more specialized forms of immunity, the court need not make this determination.

15

### G. Failure to State a Claim

Finally, the defendants argue that the plaintiff's complaint fails to state a claim for which a federal court may grant relief. Dkt. No. 8 at 8-9.

Because the court has concluded that it must abstain from deciding the plaintiff's claims, it need not reach this question. The court notes, however, that many of the plaintiff's allegations relate to actions taken by officers of the Milwaukee Police Department, but he has not sued any specific police officers. The plaintiff's allegations are vague, but they seem to amount to a belief that he was arrested and prosecuted (and made to post bail) even though he hadn't committed any crimes or done anything wrong. If that is the case, the plaintiff has had and will have the opportunity to make those arguments in his own defense in his state criminal cases.

## III. Plaintiff's Motion for Emergency Stay of State Court Proceedings (Dkt. No. 9)

Instead of responding to the legal arguments in the defendants' motion to dismiss, the plaintiff filed a document titled "Emergency Stay of State court proceedings." Dkt. No. 9. He reiterated that defendant Havas had violated his rights, and alleged that someone named Kyle Edward Johnson had done so as well. Id. He claimed that once a defendant files a notice to remove a case, jurisdiction is transferred from state to federal court. Id. He asserted that in order to be heard by a constitutionally competent court, he needed a stay of the state court proceedings. Id.

16

Title 28 U.S.C. §2283, which the plaintiff cites in his motion and which is also known as the Anti-Injunction Act,[2] states that a federal court may not grant an injunction to stay proceedings in state court, with three exceptions: (1) "as expressly authorized by Act of Congress," (2) "where necessary in aid of its jurisdiction," or (3) "to protect or effectuate its judgments." The United States Supreme Court has clarified that 42 U.S.C. §1983 meets the first exception to the Anti-Injunction Act: it expressly authorizes injunctions. Mitchum v. Foster, 407 U.S. 225 (1972); see also id. at 242 ("[t]he very purpose of §1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law"). Because the plaintiff's complaint appears to assert a variety of constitutional violations under §1983, the Anti-Injunction Act does not bar this court from enjoining the plaintiff's state court criminal proceedings, but this court has determined that the Younger abstention doctrine does prevent it from enjoining the state criminal proceedings. The court will deny the plaintiff's motion to stay.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The plaintiff must pay the filing fee as he is able.

The court **GRANTS** the defendants' motion to dismiss the complaint on abstention grounds. Dkt. No. 7.

---

[2] See Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 629 (1977).

17

The court **DENIES** the plaintiff's demand for emergency stay of state court proceedings. Dkt. No. 9.

The court **ORDERS** that this case is **DISMISSED** and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of September, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**